Argued October 9, affirmed October 10, 1952

# STATE ex rel. STADTER, JR. DISTRICT ATTORNEY v. NEWBRY ET AL.

248 P. 2d 845

*Dwight L. Schwab,* of Portland, argued the cause for appellant. With him on the brief was Edward O. Stadter, Jr., district attorney for Marion County, of Salem.

*E. G. Foxley,* deputy attorney general, of Salem, argued the cause for respondents. With him on the brief was George Neuner, attorney general, of Salem.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE, WARNER and TOOZE, Justices.

LUSK, J.

This is a proceeding in mandamus which presents the identical question this day decided in State of Oregon ex rel. Edward O. Stadter, Jr., District Attorney for Marion County, Oregon, and Dr. Frank R. Menne and Henry W. Collins v. Earl T. Newbry, Secretary of State, et al. Plaintiffs have appealed from an adverse judgment of the circuit court.

The alternative writ discloses that at the election on November 4, 1952, the people will vote upon an initiative measure which would amend Art. IX of the Oregon constitution by adding Sec. 3a to read as follows:

"BE IT ENACTED by the People of the State of Oregon:

"That Article IX of the Constitution of the State of Oregon be and the same is hereby amended to include as Section 3a, the following:

"From and after July 1, 1953, all taxes, fees, licenses, assessments or charges levied, assessed or charged, directly or indirectly for the use of free public highways, roads, streets and bridges, shall be assessed equitably and fairly in order that each type and class of vehicle shall pay its proportionate share of highway costs and such levies shall consist of a registration fee based on weight and a fuel tax based on gallonage, and such fees and taxes shall not be levied, assessed or charged by any city, town, county, or political subdivision of this state."

As in the case just referred to, plaintiffs claim that ch 290, Oregon Laws 1951, is applicable and that the estimate or "price tag" provided for in Sec. 1 of the Act should be made and published in the Voters Pamphlets and on the official ballots with the title of the measure. For the reasons stated in our opinion in that case this position cannot be sustained. The measure in question prescribes an exclusive method of taxation (including licenses, assessments or charges) for the use of the public highways of the state. One of its consequences, if it should be adopted, would be to cut off present sources of revenue from existing laws imposing taxes for use of the highways, which yield a net amount in excess of $15,000,000.00. Another would be the instantaneous nullification of another measure on the ballot (should it receive a favorable vote) which would amend Sec. 11, ch 488, Oregon Laws 1949, by increasing the tax imposed upon motor vehicles used in transportation of persons or property as common, contract and private carriers. But, like the proposed amendment to the anti-lottery statute with which we dealt in the other case, this measure does not involve "the expenditure of public money by the state, or the raising of funds by the state by imposing any tax or incurring any indebtedness", and no estimate to meet its provisions such as is contemplated by ch 290 is required, or could be made. As in the other case, the alternative writ commands the defendants "to estimate in dollars the amount of tax revenue which will be lost to the state of Oregon annually" if the proposed amendment to the constitution should be adopted by the people, whereas no estimate of that kind is provided for by ch 290.

Our decision in the other case governs here, and the judgment is therefore affirmed.